# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT GOSS JR.,

    Plaintiff,

v.                                                           Case No. 16-14391

CITIMORTGAGE, INC. and NATIONSTAR
MORTGAGE, LLC,

    Defendants.

                                                          /

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

Before the court is an "Emergency Motion for Temporary Restraining Order" asking the court to stay the December 20, 2016 sheriff's foreclosure sale of Plaintiff Robert Goss Jr.'s home. (Dkt. # 4.) The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

Plaintiff filed his motion at 4:34 pm on Monday, December 19, and the court was not alerted until the next morning, less than an hour before the sale was scheduled to begin. The court's resources are not limitless — the court lacked adequate time to review the motion and issue the requested order before the sale. In any event, while it appears that Plaintiff has a strong argument on the merits, the court finds that Plaintiff is unlikely to suffer irreparable harm and will deny Plaintiff's motion.

Under Michigan law, parties may "effectively void a sheriff's sale" with an expungement affidavit. *Connolly v. Deutsche Bank Nat. Trust Co.*, 581 Fed. Appx. 500, 506 (6th Cir. 2014). In fact, Plaintiff has previously used this mechanism. (*See* Dkt. # 2-2.) Plaintiff may also void the sale by redeeming the mortgage during the statutory period, presumably six months. MCL 600.3240(1), (8). Plaintiff retains his rights, and may not be evicted, during the redemption period. MCL 600.3236. While the filing of a lawsuit does not automatically toll the redemption period, the court may extend the period provided Plaintiff "makes a clear showing of fraud[] or irregularity" by Defendant in connection with the foreclosure procedure and actual prejudice. *Connolly v. Deutsche Bank Nat. Trust Co.*, 581 Fed. Appx. 500, 504 (6th Cir. 2014) (citations omitted). Even after the redemption period expires, the court retains the ability to set aside the sheriff's sale, though that power has been "drastically circumscribed." *Conlin v. Mortgage Electronic Registration Systems, Inc.*, 714 F.3d 355, 359-60 (6th Cir. 2013); *see also Sweet Air Inv., Inc. v. Kenney*, 275 Mich. App. 492, 739 ("The Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." (internal quotation marks omitted)). The court is not convinced that the sheriff's sale will immediately or irreparably harm Plaintiff such that an emergency order is necessary. Accordingly,

IT IS ORDERED that "Plaintiff's Emergency Motion for Temporary Restraining Order" (Dkt. # 4) is DENIED.

Plaintiff also requests the court issue an order directing Defendants to show cause as to why the court should not issue a preliminary injunction. (Dkt. # 4, Pg. ID 158.) In light of the court's denial of the temporary restraining order, it is unclear

whether Plaintiff would seek a preliminary injunction. In any event, the court may not issue a preliminary injunction absent notice to Defendants. Fed. R. Civ. P. 65(a). Accordingly,

IT IS FURTHER ORDERED that Plaintiff is DIRECTED to expeditiously serve Defendants. Once service has been effectuated, Plaintiff shall immediately notify the court and provide telephone numbers by which the court may contact opposing counsel to schedule a status conference.

<pre>
                                        s/Robert H. Cleland         /
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE
Dated:  December 20, 2016
</pre>

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 20, 2016, by electronic and/or ordinary mail.

<pre>
                                        s/Lisa Wagner               /
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522
</pre>

S:\Cleland\TLH\Civil\16-14391.GOSS.Deny.TRO.TLH.docx