**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT GOSS JR.,

    Plaintiff,

  v.                                                              Case No. 16-14391

CITIMORTGAGE, INC. and NATIONSTAR
MORTGAGE, LLC,

    Defendants.
_____/

**ORDER CONSTRUING MOTION FOR TEMPRORARY RESTRAINING ORDER AS MOTION FOR PRELIMINARY INJUNCTION AND DENYING WITHOUT PREJUDICE**

On Monday, December 19, 2016, Plaintiff Robert Goss Jr. filed an "Emergency Motion for Temporary Restraining Order" (Dkt. # 4) asking the court to stay the December 20, 2016 sheriff's foreclosure sale of his home at 6263 Malvern Drive, Troy, Michigan. The court denied the motion in an order entered the next day (Dkt. # 5), explaining that the court lacked sufficient time to review the motion before the sale and, in any event, Plaintiff had not shown that irreparable harm would result, as Michigan law provided a variety of mechanisms by which the parties could effectively undo the foreclosure sale. (Dkt. # 5, Pg. ID 201-02.) The auction was held and Plaintiff's home was sold to an as-yet unidentified purchaser.

Defendants Citimortgage, Inc. and Nationstar Mortgage, LLC, have filed motions to dismiss (Dkt. ## 17, 18), which have been fully briefed. On May 9, 2017, Plaintiff filed a motion for leave to file an amended complaint (Dkt. # 25) and a "Renewed Emergency Motion for a Temporary Restraining Order" (Dkt. # 26). Plaintiff's renewed TRO asks the court to stay the running of the six month statutory period during which Plaintiff may

redeem his allegedly-defaulted mortgage. (*Id.*) Plaintiff complains that Troy law enforcement officers had been sent to his home, presumably by the unidentified third party purchaser. (*Id.* at Pg. ID 673.) Defendants have filed responses to the motion (Dkt. ## 28, 29) and the court held an on-the-record telephone conference on May 19, 2017. As Defendants have had notice and an opportunity to respond to the motion, Plaintiff's filing is more akin to a motion for a preliminary injunction than a TRO, *see* Fed. R. Civ. P. 65(a)(1), and the court construes it as such.

During the telephone conference, the court indicated it was inclined to grant relief of some variety. After further review, the court concludes that it has no way to satisfy Plaintiff's request. Defendant Nationstar explained—and the other parties concurred— that under Michigan statute the redemption period does not begin to run until the sheriff's deed is recorded. All parties agreed that the sheriff's deed has not yet been recorded by the purported third party purchaser. Under Mich. Comp. Laws § 600.3236, until the sheriff's deed has been recorded and the six-month redemption period has expired, Plaintiff retains his possessory rights in the property and may not be evicted. Further, the court cannot enjoin any actions by the purchaser, as the purchaser is not yet a party to the case. *See* Fed. R. Civ. P. 65(d)(2). As a result, Plaintiff's requested injunction would have no effect.

Further, at this time the requested injunction is unnecessary. Under Mich. Comp. Laws § 600.3236, Plaintiff may not be evicted from 6263 Malvern Drive, Troy, Michigan, until six months after the sheriff's deed is recorded. To the extent Plaintiff seeks a means to demonstrate to local law enforcement that he lawfully occupies the home and

may not be evicted at this time, as Plaintiff's counsel argued, a copy of this order may suffice. Accordingly,

IT IS ORDERED that Plaintiff's "Renewed Emergency Motion for Temporary Restraining Order" (Dkt. # 26) is DENIED WITHOUT PREJUDICE.

During the telephone conference, Plaintiff's counsel represented that an amended complaint adding the third party purchaser as a defendant would be filed by June 2, 2017. The court recognizes that, once the purchaser is added as a party, Plaintiff may seek further preliminary relief to prevent the purchaser from attempting to evict Plaintiff while the legitimacy of the foreclosure is in dispute. To that end, Plaintiff's motion is denied without prejudice to Plaintiff's ability to file a similar motion once the third party purchaser has been added as a party, has been served, and has entered an appearance.

                s/Robert H. Cleland              /
                ROBERT H. CLELAND
                UNITED STATES DISTRICT JUDGE

Dated: May 25, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 25, 2017, by electronic and/or ordinary mail.

                s/Lisa Wagner                /
                Case Manager and Deputy Clerk
                (810) 984-2056