# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT GOSS JR.,

    Plaintiff,

    v.                                     Case No. 16-14391

CITIMORTGAGE, INC. and NATIONSTAR
MORTGAGE, LLC,

    Defendants.

_____/

## OPINION AND ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

On December 19, 2016, Plaintiff Robert Goss Jr. filed an "Emergency Motion for Temporary Restraining Order" (Dkt. # 4) asking the court to stay the December 20, 2016 sheriff's foreclosure sale of his home at 6263 Malvern Drive, Troy, Michigan. The court denied the motion in an order entered the next day (Dkt. # 5), explaining that the court lacked sufficient time to review the motion before the sale and, in any event, Plaintiff had not shown that irreparable harm would result, as Michigan law provided a variety of mechanisms by which the parties could effectively undue the foreclosure sale. (Dkt. # 5, Pg. ID 201-02.) The auction was held and Plaintiff's home was sold to a then-unidentified third party.

Defendants Citimortgage, Inc. and Nationstar Mortgage, LLC, have filed motions to dismiss (Dkt. ## 17, 18), which have been fully briefed. On May 9, 2017, Plaintiff filed a motion for leave to file an amended complaint—adding a claim under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 (Dkt. # 25)—and a "Renewed Emergency Motion for a Temporary Restraining Order" (Dkt. # 26). Plaintiff's renewed

TRO asked the court to stay the running of the six month statutory period during which Plaintiff may redeem his allegedly-defaulted mortgage. (*Id.*) In a May 25, 2017 opinion and order (Dkt. # 31), the court construed the renewed TRO as a motion for a preliminary injunction. In its opinion, the court explained that Michigan's redemption period does not begin to run until the sheriff's deed from the foreclosure sale is recorded, and that the sheriff's deed had not yet be recorded by the third-party purchaser. (*Id.* at Pg. ID 814.) The court also explained that it could not enjoin any action by the purchaser until that individual was joined as a party to this proceeding. (*Id.*) Finding that "Plaintiff's requested injunction would have no effect[,]" the court denied the motion without prejudice. (*Id.*) The court took no action on the motion for leave to file the first amended complaint or on the motions to dismiss, all of which remain pending.

Now before the court is a motion for leave to file a second amended complaint, joining Zana Zaitouna—the third-party purchaser—as a Defendant. (Dkt. # 32.)[1] Defendants Citimortgage and Nationstar stipulate to joining Zaitouna as a Defendant, but ask the court to deny leave add the RESPA claim.[2] Defendants contend that adding this claim would be futile, they were not given proper notice, and adding the claim now would be unduly prejudicial. (Dkt. # 33, Pg. ID 990.) The court agrees with the parties that joining Zaitouna is appropriate and will grant that aspect of the motion without

---

[1] Although Zaitouna is identified as a "Third Party Defendant" in the caption of the proposed second amended complaint (Dkt. # 32-2), this appears to be a mistake. The court understands Plaintiff to be joining Zaitouna under Federal Rule of Civil Procedure 20, not Rule 14.

[2] Defendants also opposed Plaintiff's request for leave to file his first amended complaint in this respect. (*See* Dkt. # 30.) The court—anticipating the instant motion—declined to address the issue at the time and, in a May 19, 2017 telephonic status conference, invited Defendants to renew their objection here.

2

discussion. After reviewing the briefing and finding no hearing necessary, *see* E.D. Mich. L.R. 7.1(f)(2), the court will also grant leave to bring the RESPA claim.

Except for amendments allowed as a matter of course under Federal Rule of Civil Procedure 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Factors that may affect the determination include undue delay in filing, bad faith or dilatory motive, undue prejudice, repeated failure to cure deficiencies by previous amendment or futility of amendment by the moving party. *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (citation omitted). The ultimate decision to grant or deny leave to amend a pleading is left to the sound discretion of the district court. *Robinson v. Michigan Consol. Gas Co., Inc.*, 918 F.2d 579, 591 (6th Cir. 1990).

Plaintiff's second amended complaint alleges that he "inquired about information on his account and for correction of the errors made . . . . [and] Defendant Citimortgage failed to respond to Plaintiff's inquiry and make the necessary corrections to [his] mortgage, in violation of 12 U.S.C.[ §] 2605(e). (Dkt. # 32-2, Pg. ID 840.) Attached to the proposed second amended complaint is Plaintiff's inquiry, which identifies itself as a "Qualified Written Request under RESPA" and is dated June 8, 2016. (Dkt. # 32-2, Pg. ID 931.) Under the statute, mortgage servicers are required to respond to qualified written requests ("QWRs") within thirty days. 12 U.S.C. § 2605(e)(2).

Defendants advance two arguments for why granting leave to bring this claim would be futile. First, Defendants contend that Plaintiff's inquiry was not a QWR under the statute because Plaintiff sent his inquiry to the wrong address. The relevant

3

regulatory provision, promulgated by the Consumer Financial Protection Bureau, provides in pertinent part:

> A servicer may, by written notice provided to a borrower, establish an address that a borrower must use to submit a notice of error in accordance with the procedures in this section. The notice shall include a statement that the borrower must use the established address to assert an error. If a servicer designates a specific address for receiving notices of error, the servicer shall designate the same address for receiving information requests pursuant to § 1024.36(b). A servicer shall provide a written notice to a borrower before any change in the address used for receiving a notice of error. A servicer that designates an address for receipt of notices of error must post the designated address on any Web site maintained by the servicer if the Web site lists any contact address for the servicer.

12 C.F.R. § 1024(c). According to an exhibit attached to the proposed second amended complaint, Citimortgage provided Plaintiff with the following address for written requests for information, notices of error, or qualified written requests on May 26, 2016:

> Citimortgage, Inc.
> Attn: Customer Research Team
> P.O. Box 10002
> Hagerstown, MD 21747-0002

(Dkt. # 32-2, Pg. ID 924.) On June 8, 2016, Plaintiff mailed his inquiry to:

> Citimortgage, Inc.
> P.O. Box 6243
> Sioux Falls, SD 57117-6263
> Attn: Mortgage Loan Accounting Department

(Dkt. # 32-2, Pg. ID 931.) Defendants argue that Plaintiff's failure to use the "established" Hagerstown mailing address renders his inquiry not a "qualified written request" under the RESPA and relieves Citimortgage of its duty to respond, citing *Best v. Ocwen Loan Servicing, LLC*, 2016 WL 125875 (E.D. Mich. January 12, 2016) (Luddington, J.). (Dkt. # 33, Pg. ID 993.)

Setting aside whether a failure to use an established address would be fatal to Plaintiff's statutory claim, it is not obvious to the court that Citimortgage had "established a QWR mailing address" (*id.*) at the time. In addition to requiring the servicer to provide the borrower with written notice of the designated address, the servicer "must post the designated address on any Web site maintained by the servicer if the Web site lists any contact address for the servicer." 12 C.F.R. § 1024(c). Nothing in Defendants' briefing or attachment addresses this requirement—Defendants' block quotation from the regulation omits it entirely (Dkt. # 33, Pg. ID 992). A cursory glance at Citimortgage's website provides a Sioux Falls address, though not the one Plaintiff used.[3] Absent some evidence that the Hagerstown address appeared on the website at the time Plaintiff sent his inquiry, the court cannot conclude that Citimortgage met this requirement.

Defendants also argue that Citimortgage did, in fact, respond to the request on June 17, 2016, and attach a copy of the purported response, as well as an affidavit attesting to its authenticity, to their brief. (*See* Dkt. # 33-3.) However, the court is disinclined to rule on the adequacy of Citimortgage's response without the benefit of briefing by Plaintiff—though the court is curious to hear Plaintiff's explanation for why the letter proffered by Defendants is insufficient even though it appears to address each of aspect of Plaintiff's request.

The court is unmoved by Defendants' arguments regarding the alleged lack of adequate notice and prejudice. Plaintiff apparently discovered the scheduled sheriff's sale only shortly before it was filed and rushed into court in an effort to stop the sale.

---

[3] *See* Citi Mortgage, Contact Us, https://www.citimortgage.com/Mortgage/Home.do?page=contactus (last visited June 26, 2017).

5

The court will not begrudge Plaintiff a failure to bring a closely related, fairly ancillary statutory claim at the time. While Defendants are correct that their pending dispositive motions do not address the RESPA claim, the claim is only advanced against Citimortgage. The court anticipates that resolution of this claim will be fairly straightforward and will not impose a significant burden for a large, sophisticated, and experienced litigant like Defendant Citimortgage. Accordingly, mindful that leave to amend should be "freely given when justice so requires[,]" Fed. R. Civ. P. 15(a)(2), the court will grant Plaintiff's motion.

IT IS ORDERED that Plaintiff's motion for leave to file his second amended complaint (Dkt. # 32) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion for leave to file his first amended complaint (Dkt. # 25) is TERMINATED AS MOOT.

s/Robert H. Cleland            /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: June 27, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 27, 2017, by electronic and/or ordinary mail.

s/Lisa Wagner            /
Case Manager and Deputy Clerk
(810) 292-6522