**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT GOSS, JR.,

      Plaintiff,

v.                                              Case No. 16-14391

CITIMORTGAGE, INC., et al.,

      Defendants.

_____/

### OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS

Plaintiff Robert Goss, Jr. brought this action for what he alleges was a wrongful foreclosure on his home. (Dkt. #1.) Plaintiff claims that Defendant CitiMortgage, Inc. and Defendant Nationstar Mortgage, LLC, the entities responsible for the mortgage on his property, failed to accept his mortgage loan payments and falsely represented the mortgage as in default. (*Id.*) Defendant CitiMortgage and Defendant Nationstar have each filed a Motion to Dismiss (Dkt. ##38, 41). Plaintiff filed separate responses. (Dkt. ##43, 44.) The court has determined that a hearing is unnecessary. E.D. Mich. LR 7.1(f)(2). Because the legal issues in these motions largely overlap, the court will address both motions in this order. For the following reasons, Defendants' motions are granted in part and denied in part.

# I. BACKGROUND

In 2005, Plaintiff entered into a mortgage agreement with ABN AMRO Mortgage Group, Inc. (Dkt. #41-2.)[1] Defendant CitiMortgage, as a successor in interest by merger to ABN AMRO, later became the holder of the mortgage. (Dkt. #35-3 Pg. ID 1069.) In 2011, Defendant CitiMortgage foreclosed on the property and sold it. (*Id.*) After the redemption period for the sale, Plaintiff filed suit against ABN AMRO and Defendant CitiMortgage challenging the foreclosure and sale. *See Goss v. ABN AMRO Mort. Grp.*, 549 F. App'x 466, 468 (6th Cir. 2013). The district court dismissed Plaintiff's complaint, and the Sixth Circuit affirmed. *Id.* at 477.

Following litigation, Plaintiff and Defendant CitiMortgage entered into a modified loan agreement (Dkt. #35-4) and Defendant CitiMortgage expunged the foreclosure in February 2015 (Dkt. #35-3). Plaintiff alleges that he has made timely payments as required by the modified loan agreement, but that Defendant CitiMortgage provided "erroneous information" regarding his escrow and a change in his mortgage payment. (Dkt. #35 Pg. ID 1039.) According to Plaintiff, Defendant Nationstar—who was servicing the loan—also began sending Plaintiff incorrect information about the payments he had been making and a balance that Defendants contended was past due. (Dkt. #35 Pg. ID 1041; Dkt. #35-16.) He further alleges that Defendant Nationstar, which was assigned the loan in November 2016 (Dkt. #41-3), wrongfully refused Plaintiff's payments. (Dkt. #35 Pg. ID 1039, 1041.)

---

[1] Though the court generally refers only to Plaintiff's Amended Complaint and the documents attached to it on a motion to dismiss, the court may also consider documents that are in the public record. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). Plaintiff's initial mortgage, which is attached to Defendant CitiMortgage's Motion to Dismiss (Dkt. #41), is such a document.

Despite his timely payments, according to Plaintiff, he discovered that his payments were not being reported to major credit bureaus. (Dkt. #35 Pg. ID 1040.) When Plaintiff sent letters to Transunion and Experian disputing their reports of his payments, he received credit reports "that were contrary to his payment history and the cashed checks" he had submitted for payment. (*Id.*)

Plaintiff, in an attempt to correct the "variable payment amounts from month-to-month in direct contradiction to the required monthly payments under the modification agreement," attempted to contact Defendant CitiMortgage. (*Id.*) According to Plaintiff, "Defendant Citi[M]ortgage would send correspondence that did not address the issues raised by" Plaintiff. (*Id.*) Plaintiff eventually sent CitiMortgage a "RESPA Qualified Written Request Letter" in June 2016. (*Id.*; Dkt. #35-13.) Defendant CitiMortgage's response, however, "did not address any of the information requested in the Plaintiff's Qualified Written Request." (Dkt. #35 Pg. ID 1040–41.) Plaintiff received his last correspondence from Defendant CitiMortgage—a letter soliciting Plaintiff for loss mitigation—in August 2016. (*Id.* at Pg. ID 1041.)

Plaintiff then began receiving letters from Defendant Nationstar, including a letter "indicating [Nationstar] had no record of any payments since June of 2016, when in fact, the money for the payments had been removed from Plaintiff's bank account by Defendant Citi[M]ortgage." (*Id.* at Pg. ID 1041.) In September 2016, Defendant Nationstar advised Plaintiff that he needed a loan specialist. (*Id.*)

Plaintiff, however, kept making payments. He submitted checks for his monthly mortgage payment in October, November, and December 2016, but all were returned with some communication from Defendant Nationstar. (*Id.* at Pg. ID 1041–42.) Plaintiff

also received a letter and a "refund" check from Defendant Nationstar in December 2016, but says he has "no idea of what this check represented and has not cashed the check, but retained the check." (*Id.* at Pg. ID 1042; Dkt. #35-21.)

Plaintiff's home was sold at a sheriff's sale on December 20, 2016 "for an alleged default and failure to make monthly payments." (Dkt. #35 Pg. ID 1042.) One day before the sale, Plaintiff filed an "Emergency Motion for Temporary Restraining Order" (Dkt. #4) asking the court to stay the sale. The court denied the motion in an order entered the next day (Dkt. #5), explaining that the court lacked sufficient time to review the motion before the sale and, in any event, Plaintiff had not shown that irreparable harm would result, as Michigan law provided a variety of mechanisms by which the parties could effectively undue the foreclosure sale. (Dkt. #5 Pg. ID 201–02.) Plaintiff thereafter moved to amend his complaint to name the third party purchaser of the property—Zana Zaitouna—as a Defendant and to add a claim for a violation of the Real Estate Settlement Procedures Act against Defendant CitiMortgage. (Dkt. #32.) The court granted Plaintiff's request (Dkt. #34), and Plaintiff filed an amended complaint (Dkt. #35.)

Despite the sheriff's sale, Plaintiff avers that Defendant Nationstar "has accepted Plaintiff's payments for January 2017, February 2017, March 2017, and April 2017." (Dkt. #35 Pg. ID 1042.) As a result of the negative entries on Plaintiff's credit reports, Plaintiff has been denied a business loan and a credit card; he has also had to pay higher interest on the supplies for his small business. (*Id.*)

## II. STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short

and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679. The court views the complaint in the light most favorable to the plaintiff and accepts all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)). Furthermore, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007).

### III. DISCUSSION

Plaintiff brings seven claims, each—with the exception of Count VII—brought against Defendant CitiMortgage and Defendant Nationstar[2]: (1) breach of contract; (2)

---

[2] Though Plaintiff's Amended Complaint names individual Zana Zaitouna as a

promissory estoppel; (3) wrongful foreclosure under Mich. Comp. Laws § 600.3204; (4) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.; (5) violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.; (6) quiet title; and (7) violation of Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, as to Defendant CitiMortgage. The court will address each count in turn.

## A. Breach of Contract

Defendants argue that Plaintiff cannot state a valid claim for breach of contract because he cannot establish all the required elements under Michigan law. A claim for breach of contract under Michigan law requires the plaintiff to prove: (1) the existence of a valid contract, (2) the terms of the contract, (3) that the other party breached the contract, and (4) that the breach caused the plaintiff's injury. *Webster v. Edward D. Jones & Co.*, 197 F.3d 815, 816 (6th Cir. 1999). "The rule in Michigan is that one who first breaches a contract cannot maintain an action against the other contracting party for his subsequent breach or failure to perform." *Flamm v. Scherer*, 198 N.W.2d 702, 706 (Mich. Ct. App. 1972).

Defendants agree that the modified mortgage agreement constitutes a valid contract. (Dkt. #38 Pg. ID 1218; Dkt. #41 Pg. ID 1285.) But both Defendants contend that Plaintiff cannot recover for breach of contract because he breached the contract first. (Dkt. #38 Pg. ID 1218–20; Dkt. #41 Pg. ID 1285–86.) Specifically, according to Defendants, the modified mortgage agreement provides that Plaintiff was responsible for paying taxes, insurance premiums, assessments, and escrow items as required

---

Defendant, Defendant Zaitouna was not involved in these motions. Therefore, where the court refers to "Defendants" in the remainder of this order, it is referring only to Defendants CitiMortgage and Nationstar unless otherwise noted.

under the mortgage, and they point to this provision of the modified agreement attached to Plaintiff's amended complaint. (Dkt. #35-4 Pg. ID 1072–73.) Moreover, according to the modified agreement, "[t]he escrow payments may be adjusted periodically in accordance with applicable law and therefore borrower's total monthly payment may change accordingly." (*Id.* at Pg. ID 1073.)

Defendants aver that Plaintiff was "mailed an escrow analysis disclosure statement . . . confirm[ing] that Plaintiff's monthly payment was increasing." (Dkt. #38 Pg. ID 1219.) They point to a letter attached to Plaintiff's amended complaint from Defendant CitiMortgage that documents an increased payment amount. (Dkt. #35-6.) Plaintiff, however, continued making the lower monthly payment. (Dkt. #38 Pg. ID 1219; Dkt. #41 Pg. ID 1286.) Thus, according to Defendants, Plaintiff breached the contract first, and Defendants cannot be liable for breach.

Defendant CitiMortgage presents some additional arguments for why this claim should be dismissed. According to Defendant CitiMortgage, it cannot be held liable for breach because it was permitted, under the terms of the original mortgage, to "accept insufficient payments and . . . wait to apply those payments until a sufficient payment has accumulated." (Dkt. #38 Pg. ID 1220.) Defendant CitiMortgage's acceptance of Plaintiff's partial payment, then, was not a breach. Moreover, according to Defendant CitiMortgage, Plaintiff cannot establish that it caused Plaintiff's damages because it "did not engage in foreclosure proceedings." (*Id.* at Pg. ID 1220–21.) Because Plaintiff's only alleged damage, according to the amended complaint, is that Defendants "illegally foreclos[ed] on Plaintiff's mortgage" (Dkt. #35 Pg. ID 1044), he cannot establish damages as they relate to Defendant CitiMortgage. (Dkt. #38 Pg. ID 1220.)

The court disagrees with Defendants that these arguments are sufficient on a motion to dismiss. Defendants' argument that Plaintiff was paying a lower—and therefore inadequate—amount on his mortgage is the crux of Plaintiff's claim that the higher payment sought by Defendants was improper.

Defendants would have this court rely on Defendant CitiMortgage's statement, in the letter it sent to Defendant, that Plaintiff's monthly payments were increasing pursuant to the "Escrow Analysis Disclosure Statement." (Dkt. #35-6.) Defendant Nationstar provided the court with a copy of the disclosure statement in its reply brief on the motion to dismiss. (Dkt. #47-2.) "[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). Setting aside whether documents attached to a *reply* brief are considered part of the pleadings, the court does not find the attached escrow analysis dispositive for the motions to dismiss.

Defendants accurately quote the portion of the modified agreement providing that Plaintiff's "escrow payments may be adjusted periodically." They neglect, however, to focus the portion of this provision providing that "payments may be adjusted periodically *in accordance with applicable law*." The court will not consider, at this stage, whether the higher assessment made by Defendants, as reflected in Defendant CitiMortgage's letter to Plaintiff and the escrow analysis, was made in accordance with applicable law. Whether Defendant CitiMortgage appropriately posted Plaintiff's "partial" payment is similarly inappropriate for consideration at this point.

Defendant CitiMortgage's argument that Plaintiff has not sufficiently pled damages against it, however, is persuasive. Plaintiff describes Defendants' "breach" in its breach of contract count as their decision to "illegally foreclos[e] on Plaintiff's mortgage, which constitutes performance that does not conform to the agreement's requirements that Defendants not foreclose so long as Plaintiff performed under the agreement." (Dkt. #35 Pg. ID 1044.) While Plaintiff alleged facts earlier in the amended complaint that would support the allegation that Defendant Nationstar's decision to foreclose was improper because payments were not correctly accepted, there is no dispute that Defendant CitiMortgage was not involved in the foreclosure proceedings at all. While Plaintiff could have pled that Defendant CitiMortgage's alleged failure to properly post Plaintiff's payment was a breach of their contract that contributed to the foreclosure, he did not do so.

Plaintiff's claim for breach of contract against Defendant CitiMortgage, therefore, is dismissed. Defendant Nationstar's motion to dismiss as to the breach of contract claim is denied.

### B. Promissory Estoppel

Defendants next argue that Plaintiff cannot state a claim for promissory estoppel because the parties had express contractual agreements. (Dkt. #38 Pg. ID 1223; Dkt. #41 Pg. ID 1287.) The doctrine of promissory estoppel permits a court to enforce an implied agreement between parties. *APJ Assocs., Inc. v. N. Am. Philips Corp.*, 317 F.3d 610, 617 (6th Cir. 2003). Promissory estoppel, however, "may not be used to override the express agreement of the parties contained in written agreements." *Id.* Promissory estoppel is therefore inapplicable where the parties are bound by an express written

agreement. *Id.*

Plaintiff does not address this distinction in his responses to the motions to dismiss, instead discussing why promissory estoppel is not subject to the statute of frauds. (Dkt. #43 Pg. ID 1338; Dkt. #44 Pg. ID 1370.) Plaintiff's own amended complaint describes the "promise" required for his promissory estoppel claim as the "*permanent loan modification agreement.*" (Dkt. #35 Pg. ID 1045 (emphasis added).) Because Plaintiff's relationship with Defendants was governed by an express written contract, his claim for promissory estoppel fails. Count II of Plaintiff's amended complaint is therefore dismissed with prejudice.

### C. Wrongful Foreclosure

Defendants argue that Plaintiff's home was properly foreclosed because there was a valid default. Defendant CitiMortgage also argues that it cannot be liable for a wrongful foreclosure because it was not the entity that foreclosed on Plaintiff's property.

Michigan law permits a foreclosure by advertisement in certain circumstances. Mich. Comp. Laws § 600.3204. A property owner may challenge a foreclosure proceeding—rendering the foreclosure voidable—by demonstrating defects or irregularities in the proceeding. *Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329, 337 (Mich. 2012). "[T]o set aside the foreclosure sale, plaintiffs must show that they were prejudiced by defendant's failure to comply with MCL 600.3204. To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Id.*

The court disagrees that Plaintiff has not stated a claim for wrongful foreclosure

as to Defendant Nationstar. Plaintiff has alleged facts demonstrating a defect in the foreclosure proceeding—namely, that Plaintiff was not in default and "had made all the required payments timely, and in accordance with the modification agreement." (Dkt. #35 Pg. ID 1046.) Because Mich. Comp. Laws § 600.3204(1)(a) permits a foreclosure by advertisement only where "[a] default in a condition of the mortgage has occurred, by which the power to sell became operative," a lack of default by Plaintiff would render the foreclosure sale improper. *See Starr v. Fed. Nat. Mortg. Ass'n*, No. 14-14380, 2015 WL 1120129, at *2–3 (E.D. Mich. Mar. 11, 2015) (O'Meara, J.); *see also JPMorgan Chase Bank v. Zair*, No. 329761, 2017 WL 128238, at *4 (Mich. Ct. App. Jan. 12, 2017). Moreover, according to Plaintiff, had his payments been properly applied, "there would have been no erroneous default and illegal foreclosure." (Dkt. #35 Pg. ID 1046.) Plaintiff has therefore sufficiently alleged prejudice under *Kim*, as he would have been in a better position to preserve his property interest absent Defendants' failure to properly apply his payments. Defendant Nationstar's claim that Plaintiff did not properly pay the higher amount required under his mortgage is, as noted above, not appropriate for review at this stage.

Again, however, there appears no dispute that Defendant CitiMortgage, which transferred the mortgage to Defendant Nationstar prior to foreclosure, was not involved in the foreclosure proceedings. Defendant CitiMortgage, therefore, cannot have violated Mich. Comp. Laws 600.3204. *See Kemp v. Resurgent Capital Servs.*, No. 13-11794, 2013 WL 5707797, at *3 (E.D. Mich. Oct. 21, 2013) (Cohn, J.) (holding that plaintiff could not allege that defendant Quicken Loans, the originator of her mortgages before a subsequent transfer, "lacked standing" to initiate foreclosure "for the simple reason that

Quicken Loans ha[d] no interest [in] either loan and ha[d] no role in the foreclosure proceedings"). Plaintiff's claim for wrongful foreclosure, therefore, is dismissed with prejudice as to Defendant CitiMortgage.

### D. Violation of the Fair Debt Collection Practices Act

Plaintiff alleges that Defendants have violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"). Specifically, Plaintiff claims that Defendants violated the FDCPA by (a) "Failing to properly and completely validate the debt of Counter Plaintiffs [sic] despite numerous oral request [sic] and a written request being made"; (b) "Initiating collection action on an erroneous debt, before validation, despite numerous requests being made by Plaintiff"; and (c) "Using false representations as to the amount of the debts as a means to collect or attempt to collect the debt." (Dkt. #35 Pg. ID 1047.) Plaintiff also alleges that "Defendants violated Section 1692 of the Fair Debt Collection Practices Act by attempting to collect an amount for the debt which is not expressly authorized by the agreement creating the debt or permitted by law." (*Id.*)

Defendant CitiMortgage contends that it cannot be liable for an FDCPA claim for the simple reason that it is not a debt collector. (Dkt. #38 Pg. ID 1225.) The FDCPA, which regulates certain conduct by debt collectors, defines "debt collector" as a person who collects debts owed or due to another. 15 U.S.C. § 1692a(6). As Defendant CitiMortgage points out, however, where a party—like a bank—is "an actual, original, consumer creditor" collecting on its own account, that party is "exempted from the statutory definition of a 'debt collector.'" *Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003). Plaintiff does not respond to this case law or the argument that Defendant CitiMortgage, as the originator of Plaintiff's loan, is not a debt collector,

instead asserting in conclusory fashion that "Defendant Citi[M]ortgage is a debt collector under the Act," without citation. (Dkt. #43 Pg. ID 1345.) Because Defendant CitiMortgage is not a debt collector for the purposes of the FDCPA, Plaintiff's claim for FDCPA violations against Defendant CitiMortgage is dismissed with prejudice.

Defendant Nationstar, as the former servicer of Plaintiff's mortgage, argues that Plaintiff's claim against it for FDCPA violations must be dismissed (1) because to invoke the protections of the FDCPA for a disputed debt, a consumer must notify the debt collector in writing of the dispute, which Plaintiff did not do (Dkt. #41 Pg. ID 1291); (2) because Defendant Nationstar did not have a duty to verify the validity of the debt Plaintiff owed, and therefore Plaintiff cannot set forth a plausible claim that Defendant Nationstar "falsely represent[ed] the amount of the debt" (*Id.* at Pg. ID 1292); and (3) because this count of Plaintiff's amended complaint "contains insufficient facts on which to put Nationstar on notice of the allegations raised" (*Id.*).

Plaintiff specifies for the first time in response to the motion to dismiss that he is claiming violations of 15 U.S.C. § 1692(e)(2), (e)(8), and (e)(10). (Dkt. #44 Pg. ID 1374.) The court, however, will consider only those allegations Plaintiff set forth in the amended complaint, as outlined above.

Plaintiff's first and second allegations of FDCPA violations—that Defendants failed "to properly and completely validate the debt of Counter Plaintiffs [sic] despite numerous oral request [sic] and a written request being made" and that Defendants initiated "collection action on an erroneous debt, before validation, despite numerous requests being made by Plaintiff"—fail as pled. Though the court is not sure to which FDCPA provisions these claims relate, Plaintiff's allegations most clearly invoke

13

§ 1692g, which concerns the validation of debts. A debt collector is required under the act to cease collection on a debt where "the consumer notifies the debt collector in writing" within 30 days after the receipt of a notice of debt; a debt collector may resume collection only after validating the debt and sending a verification of the debt to the consumer. § 1692g(b). Here, Plaintiff has not sufficiently alleged that he notified Defendant Nationstar, in writing, that he disputed the debt. Plaintiff's "numerous oral request [sic]," as alleged, would not activate the requirements of § 1692g(b). Moreover, though Plaintiff references one "written request being made," the amended complaint cites "Exhibits [sic] 12," attached to the amended complaint, for this proposition; this exhibit (Dkt. #35-13), is a letter styled as a "Qualified Written Request Under RESPA" sent to Defendant CitiMortgage—not Defendant Nationstar.

It is true that § 1692g(a) requires that debt collectors provide consumers with certain information concerning the debt it is trying to collect. But Plaintiff has not alleged that Defendant Nationstar failed to provide this required information. Rather, Plaintiff's amended complaint limits itself to the allegation that Defendant Nationstar did not validate the debt despite requests to do so. Because this requirement is triggered only by a written notice of dispute pursuant to § 1692g(b), Plaintiff has not adequately alleged that Defendant Nationstar improperly refused to validate the debt.

The court disagrees with Defendant Nationstar, however, that Plaintiff's claim for "[u]sing false representations as to the amount of the debts as a means to collect or attempt to collect the debt" should be dismissed. Though not cited, Plaintiff seems to refer to § 1692e, which prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt."

Plaintiff's amended complaint alleges that "Plaintiff began receiving letters from Defendant Nationstar Mortgage indicating they had no record of any payments since June of 2016, when in fact, the money for the payments had been removed from Plaintiff's bank account by Defendant Citimortgage." (Dkt. #35 Pg. ID 1041.) Plaintiff cites a letter from Defendant Nationstar, attached as an exhibit to the amended complaint, dated September 2, 2016 (when Defendant Nationstar was still the servicer of Plaintiff's mortgage). (Dkt. #35-16.) The letter indicates that Plaintiff's loan is "past due in the amount of $5,199.63." (*Id.*) As noted above, the court will not now consider whether or not this statement was false or misleading, as to do so would be inappropriate on a motion to dismiss. Plaintiff's allegation, therefore—that this statement was false and an attempt to collect a debt—is sufficiently pled.

Plaintiff's remaining FDCPA claim—that Defendants attempted "to collect an amount for the debt which is not expressly authorized by the agreement creating the debt or permitted by law"—fails as insufficiently pled. The court agrees with Defendant Nationstar that this claim does not "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court cannot tell, from the face of Plaintiff's amended complaint, which section of the FDCPA Plaintiff might be referencing. To the extent, then, that Plaintiff means to set out a separate violation of the FDCPA by this language, the court will dismiss it.

### E. Violation of the Fair Credit Reporting Act

Defendants argue that Plaintiff's claim for violation of the Fair Credit Reporting Act ("FCRA") must be dismissed because the provision of the FCRA he cites in the

amended complaint—15 U.S.C. § 1681s–2(a)—does not provide a private right of action. (Dkt. #38 Pg. ID 1226; Dkt. #41 Pg. ID 1293.) The Sixth Circuit has held that the FCRA provides a private right of action for violations of § 1681s–2(b)—not § 1681s-2(a). *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615 (6th Cir. 2012); *see also Farris v. Morgan Stanley Dean Witter Credit Corp.*, No. 08-11851, 2010 WL 3023808, at *4 (E.D. Mich. July 29, 2010) (Rosen, J.) ("There is no private cause of action for consumers against furnishers of information for failure to comply with § 1681 s–2(a).").

Plaintiff has not responded to this precedent, and instead block quotes—for three pages—the statutory language of § 1681s–2. (Dkt. #43 Pg. ID 1346–48; Dkt. #44 Pg. ID 1377–80). If Plaintiff meant to plead a violation of § 1681s–2(b), he has not done so. His averment in the amended complaint that "[t]he above-described conduct violated the Fair Credit Reporting Act, including but not limited to, 15 USC §1681s-2(a)," (Dkt. #35 Pg. ID 1049), is insufficient to state a violation of § 1681s–2(b). Plaintiff's claim for violation of § 1681s–2(a) of the FCRA, therefore, is dismissed with prejudice.

### F. Quiet Title

Defendants argue that Plaintiff has not established a prima facie claim for quiet title because—as he was the one who defaulted on the mortgage—he has not alleged that he has superior interest in the title to his property. (Dkt. #38 Pg. ID 1227; Dkt. #41 Pg. ID 1294.) Defendant CitiMortgage further contends that Plaintiff's quiet title claim should be dismissed as it relates to Defendant CitiMortgage because it "no longer claims an interest in the Property." (Dkt. #38 Pg. ID 1229.)

Quiet title in Michigan is governed by Mich. Comp. Law § 600.2932(1), which "codified actions to quiet title and authorized suits to determine competing parties'

respective interests in land." *Republic Bank v. Modular One, LLC*, 591 N.W.2d 335, 337 (Mich. Ct. App. 1998), *overruled on other grounds by Stokes v. Millen Roofing Co.*, 649 N.W.2d 371 (Mich. 2002). "In an action to quiet title, the plaintiffs have the burden of proof and must make out a prima facie case of title." *Beulah Hoagland Appleton Qualified Pers. Residence Tr. v. Emmet Cty. Road Comm'n*, 600 N.W.2d 698, 700 (Mich. Ct. App. 1999). "If the plaintiffs make out a prima facie case, the defendants then have the burden of proving superior right or title in themselves." *Id.*

The court agrees that Plaintiff cannot sustain a claim for quiet title against Defendant CitiMortgage, which does not claim an interest in the property. However, Defendant Nationstar's argument that Plaintiff cannot sustain a claim of quiet title because of his default fails for the same reasons as the other default-related claims described above: this stage is inappropriate for a determination of whether there was a valid default. Plaintiff claims that his property was wrongly foreclosed on because of actions by Defendants—namely, that they did not properly apply his mortgage payments to his account. Plaintiff, therefore, has alleged that he has a superior claim to the property sufficient to survive a motion to dismiss as to Defendant Nationstar.

## G. Violation of the Real Estate Settlement Procedures Act as to Defendant CitiMortgage

. Finally, Defendant CitiMortgage contends that it cannot be liable for Plaintiff's claim that it violated RESPA by "fail[ing] to respond to Plaintiff's inquiry and make the necessary corrections to [his] mortgage, in violation of 12. U.S.C. [§] 2605(e)." (Dkt. #35 Pg. ID 1052.) Defendant CitiMortgage contends that this claim must be dismissed because (1) it did respond to Plaintiff's request (Dkt. #38 Pg. ID 1230); (2) its response

was "adequate under the statute" (*Id.* at Pg. ID 1230–31); (3) Plaintiff has not adequately pled that the RESPA violation caused his damages (*Id.* at Pg. ID 1232); (4) its response was not required under RESPA because Plaintiff's letter amounted to a "duplicative notice of error" (*Id.* at Pg. ID 1232); and (5) Plaintiff sent his request to the incorrect address (*Id.* at Pg. ID 1233–35). Plaintiff focuses his response on two of these arguments, contending that Defendant CitiMortgage's receipt of the request obviates any requirement to send it to a particular address and that he has adequately pled that Defendant CitiMortgage's RESPA violation caused his damages.

There appears no dispute that Defendant CitiMortgage did respond, in some fashion, to Plaintiff's RESPA request. The court has reviewed the response Defendant CitiMortgage claims it sent to Plaintiff, attached to Defendant CitiMortgage's motion (Dkt. #38-2), which the court may properly consider because it was referred to in Plaintiff's amended complaint (Dkt. #35 Pg. ID 1040–41). *See Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997). Though Plaintiff does not specifically respond, in his briefing, to the argument that Defendant CitiMortgage's letter sufficiently addresses his RESPA request, the court cannot determine at this stage that the response was adequate. Although the letter purports to include an "Escrow Analysis Disclosure Statement (EADS) from April 19, 2016" (Dkt. #38-2 Pg. ID 1013), none is included as part of the exhibit. The court will not determine at this stage, therefore, that Defendant CitiMortgage is entitled to dismissal of the RESPA claim on the basis that it adequately responded.

The court will similarly not dismiss the RESPA claim on the basis that Plaintiff's qualified written response amounted to a duplicative notice of error to which Defendant

CitiMortgage was not required to respond. According to Defendant CitiMortgage's brief, "12 U.S.C. § 2605(g)(1)(i) states that a servicer is not required to respond if '[t]he asserted notice of error is substantially the same as an error previously asserted by the borrower for which the servicer has previously complied with its obligation to respond. . . .'" (Dkt. #38 Pg. ID 1232.) This provision of the U.S. Code—12 U.S.C. § 2605(g)(1)(i)—does not exist. Defendant CitiMortgage, apparently, intends to rely on 12 C.F.R. § 1024.36(f)(1)(i), which provides that a servicer is not required to respond to a qualified written request if "[t]he information requested is substantially the same as information previously requested by the borrower for which the servicer has previously complied with its obligation to respond."

Defendant CitiMortgage cites an April 12, 2016 letter it sent to Plaintiff (evidently in response to a letter sent by Plaintiff in late March 2016) that Plaintiff attached to his amended complaint. (Dkt. #35-6.) Defendant CitiMortgage contends that this letter adequately responded to Plaintiff's March 2016 letter, and that, therefore, Plaintiff's June 2016 letter to Defendant CitiMortgage was duplicative and did not require a response. Because this letter similarly does not include an escrow analysis (though it cites the one that Defendant CitiMortgage claims it "mailed to [Plaintiff] on July 20, 2015" (Dkt. #35-6 Pg. ID 1113)), the court cannot conclude at this stage that Defendant CitiMortgage was not required to respond to Plaintiff's June 2016 qualified written request. To do so would require the court to find that this initial (April 2016) response was adequate or provided Plaintiff with "substantially the same" information he requested in the June 2016 letter. Based on the information presently before the court, it cannot make such a finding.

As to Defendant CitiMortgage's argument that Plaintiff has not adequately alleged that the RESPA violation caused his damages, Plaintiff responds that a RESPA violation does not require RESPA damages to be pled artfully. (Dkt. #43 Pg. ID 1353.) Plaintiff cites *Marais v. Chase Home Fin. LLC*, 736 F.3d 711, 720 (6th Cir. 2013). In *Marais*, defendant Chase Home Finance, a servicer of the plaintiff's loan, argued that the plaintiff's RESPA violation claim should be dismissed because the plaintiff had failed to allege a sufficient causal link between the plaintiff's alleged damages and Chase's insufficient response to her qualified written request under RESPA. The Sixth Circuit noted that two prior Sixth Circuit cases "counsel[] against dismissal of RESPA claims on the basis of inartfully-pleaded actual damages." *Id.* at 722. The Sixth Circuit determined that the plaintiff had sufficiently alleged causation by pleading that her higher interest rates and Chase's provision of incorrect information to consumer reporting agencies were caused by Chase's insufficient response to her request. *Id.* at 721.

Here, Plaintiff has alleged that Defendant CitiMortgage's failure to adequately respond to his letter caused his foreclosure, caused him to incur a higher interest rate on the equipment he purchases for his business, and caused him to be denied a business loan. (Dkt. #35 Pg. ID 1053.) In light of the Sixth Circuit's guidance in *Marais*, the court finds that these allegations of damages are sufficient to withstand a motion to dismiss.

Finally, the court rejects Defendant CitiMortgage's argument that it cannot be liable under RESPA because Plaintiff did not send his notice of error to the correct address. Defendant CitiMortgage raised this same argument in its opposition to Plaintiff's motion to amend his complaint. (Dkt. #33 Pg. ID 992.) The court "set[] aside"

the issue of "whether a failure to use an established address would be fatal to Plaintiff's statutory claim" because it was not obvious whether Defendant CitiMortgage "had established a QWR mailing address." (Dkt. #34 Pg. ID 1034.) The court noted that the regulation permitting a servicer to established a designated address—12 C.F.R. § 1024(c)—also requires the servicer to "post the designated address on any Web site maintained by the servicer if the Web site lists any contact address for the servicer," an issue Defendant CitiMortgage had omitted from its briefing. (Dkt. #34 Pg. ID 1034.) The court noted that it would need "some evidence" that Defendant CitiMortgage's purported designated address in Hagerstown, MD "appeared on the website at the time Plaintiff sent his inquiry." (*Id.*)

Defendant CitiMortgage has apparently attempted to provide this evidence by noting in its motion to dismiss that "[c]urrently, [its] website states, "'To submit a written Notice of Error, Request for Information or Qualified Written Request, it must be sent to the following designated address: CitiMortgage, Inc. P.O. Box 6728 Sioux Falls, SD 57117-6728.[']" (Dkt. #38 Pg. ID 1234.) The problem here, however, is that this does not cure the deficiency noted by the court—that it would need evidence of the designated address on the website "*at the time Plaintiff sent his inquiry.*" Defendant CitiMortgage's averment that its website "*currently*" lists an address that Plaintiff did not use is insufficient.

### IV. CONCLUSION

Defendant Nationstar has not demonstrated that it is entitled to dismissal of certain of Plaintiff's claims based on the argument that he defaulted on his mortgage— namely Plaintiff's claims for breach of contract, wrongful foreclosure, and quiet title.

Defendant CitiMortgage is, however, entitled to dismissal on those claims that allege wrongful activity in the foreclosure itself, namely Plaintiff's claims for breach of contract, wrongful foreclosure, and quiet title. Plaintiff's claims for promissory estoppel and violation of the FCRA § 1681 s–2(a) are legally insufficient and are dismissed with prejudice. Plaintiff's claim for violations of the FDCPA are dismissed with prejudice as to Defendant CitiMortgage and dismissed in part as to Defendant Nationstar. Plaintiff's claim against CitiMortgage for violation of RESPA is sufficiently alleged at this stage. Accordingly,

IT IS ORDERED that Defendants' Motions to Dismiss (Dkt. ##38, 41) are GRANTED IN PART and DENIED IN PART.

Specifically, as to Defendant CitiMortgage, IT IS GRANTED in that Count I (Breach of Contract) is DISMISSED and the following claims are DISMISSED WITH PREJUDICE: Count II (Promissory Estoppel); Count III (Wrongful Foreclosure); Count IV (Violations of the Fair Debt Collection Practices Act); Count V (violations of the Fair Credit Reporting Act § 1681 s–2(a)); and Count VI (Quiet Title). Defendant CitiMortgage's motion to dismiss Count VII (violation of the Real Estate Settlement Procedures Act) is DENIED.

As to Defendant Nationstar, IT IS GRANTED in that the following claims are DISMISSED WITH PREJUDICE: Count II (Promissory Estoppel) and Count V (Violations of the Fair Credit Reporting Act § 1681 s–2(a)). Defendant Nationstar's motion to dismiss Count I (Breach of Contract), Count III (Wrongful Foreclosure), and Count VI (Quiet Title) is DENIED. Defendant Nationstar's motion to dismiss Count IV

(Violations of the Fair Debt Collection Practices Act) is DENIED with respect to § 1692e;

all other claimed violations of the FDCPA are DISMISSED.

s/Robert H. Cleland               /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 16, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, November 16, 2017, by electronic and/or ordinary mail.

s/Lisa Wagner               /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\KNP\Civil\16-14391.GOSS.dismiss.KNP2.docx